IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RODNEY A. WILLAMSON,
    Petitioner,



V.

CASE NO: <u>1:00-CR-479-1</u>

UNITED STATES OF AMERICA,
    Respondant.

                          /

MOTION FOR SENTENCE REDUCTION
Persuant to 18 U.S.C. § 3582(c)(1)(A).

Now comes <u>Rodney A. Williamson</u>, (hereinafter "Petitioner"), Petitioning this Honorable Court to grant the Petitioner a sentence reduction persuant to **18 U.S.C. § 3582(c)(1)(A)**, for Extraordinary and Compelling reasons recently amended by the United States sentencing Commission on April 5, 2023. <u>See</u> **USSG Amendment 814.**

On December 18, 2006, the Petitioner was indicted for **21 U.S.C. § 846 & 841(b)(1)(A)**. On January 29, 2007, while attempting to execute the arrest warrant, the investigating I.C.E agents solicited their informant to wear a wire while discussing the details of the indicted count with the Petitioner. The Petitioner was arrested on June 5, 2007. Before the selection of the trial jury the government filed an **21 U.S.C. § 851**, sentencing enhancement notice citing two of Petitioner's prior state drug convictions. The Petitioner was found guilty of the indicted count and accountable for more than 400 kilograms of cocaine. On December 7, 2007, the Petitioner was sentenced to a mandatory life sentence. The Petitioner filed a direct appeal that later was affirmed.

-1-

Subsequently the Petitioner file a writ of certiorari in the United States Supreme Court, the judgement was vacated and remanded to the United States Court of Appeals of the Fourth Circuit for further consideration in light of the position asserted by the acting Solicitor General in his brief to the United States. See **561, US 1003,2010**(The Solicitor General conceded that the I.C.E. agents January 29, 2007 recording violated the Petitioner's Sixth Amendment Right to Counsel).

In 2013, the Petitioner filed a second direct appeal, the conviction was affirmed. In 2014 the Petitioner filed a timely motion to vacate, set aside or correct sentence under **28 U.S.C. § 2255**(Hereinafter § 2255). See **Doc.# 321**. The § 2255 motion was denied. See **Doc.# 368**.

On January 17, 2017, persuant to the notification from the Department of Justice the President commuted the total sentence of imprisonment. The Petitioner is now serving a term of 360 months. See **Doc. 1/30/17.**

On November 1, 2023, the Petitioner requested a sentence reduction for extraordinary and compelling reasons using the administration remedy process provided at Butner Federal Medical Center where Petitioner is currently being housed. On November 2, 2023, the Petitioner's sentence reduction request was denied. See **Exhibit A.**

United States Sentencing Guideline Amendment 814 cites, new "extraordinary and Compelling Reasons" that may warrent a sentence reduction under Section <u>Unusually long sentence</u> gives the Director of the BOP and Judges the discretion, after full consideration of the prisoner's <u>individualized circumstances</u> to determine whether a change

in law that would result in a lower sentence today could be a ground for a sentence reduction. The prisoner must have served at least 10 years of an unusually long sentence, and there must be a gross disparity between the sentence served and the one that would be imposed today.

On December 21, 2018, President Donald Trump signed into law the First Step Act. The Petitioner's sentence is directly affected by the First Step Act Law of 2018 that has not been made retroactive and <u>individualized circumstances</u> should be significantly considered when determining a lower sentence. They will be briefed as follows:

I. The new definition of serious drug offense defined in the First Step Act of 2018.

II. The new mandatory minimum sentence for 21 U.S.C. § 841(b)(1)(A) conviction that has been amended by the First Step Act.

III. The illegal fruit of the Sixth Amendment violation that affected Petitioner's current sentence.

IV. The disparity in Petitioner's current facts, conviction and the <u>individualized circumstances</u> that should be considered.

IV-A. The disparity between Petitioner's current sentence and the sentence that would be imposed today.

IV-B. The individualized circumstances that should be considered.

V. The Petitioner's post prison conduct and release plan.

VI. An amendment to Petitioner's Pre-Sentence Report(PSR).

### I. THE NEW DEFINITION OF A SERIOUS DRUG OFFENSE DEFINED IN THE FIRST STEP ACT OF 2018.

The First Step Act of 2018, provides a new definition for qualifing prior drug offenses that may be listed in an § 851 enhancement notice for a 21 U.S.C. § 841(b) conviction.

Case 1:06-cr-00474-LCB    Document 412    Filed 03/11/24    Page 3 of 13

Section 401 of the FSA amended 21 U.S.C. § 841(b), to provide for enhanced sentence only if the defendant was convicted for a **"serious drug felony"** defined as an offense punishable by 10 years in prison and for which the defendant served at least one year and one day in prison. See 21 U.S.C. §§ 802(57), 841(b)(1).

The Petitioner's two prior North Carolina drug convictions no longer qualify for 21 U.S.C. § 851 sentence enhancement. The Petitioner did **not** served more that one year in state custody. The Petitioner no longer qualifies for **any** sentence enhancements. See Doc. # 396.

## II. THE NEW MANDATORY MINIMUM SENTENCE FOR A § 841(b)(1)(A), CONVICTION THAT HAS BEEN AMENDED BY THE FSA SECTION 401.

Section 401 of the FSA amended the Controlled Substance Act(21 U.S.C. § 841(b)(1)(A) Pub. L. No. 115-bal, § 401(a)). The amendment reduced the enhanced mandatory minimum penalties under 21 U.S.C. § 841 (b)(1)(A) from 20 to 15 years for a defendant having one prior offense and from life to 25 years for two or more prior offenses.

On October 8, 2014, the Petitioner filed a motion to vacate, set aside or correct sentence persuant to 28 U.S.C. § 2255. See Doc. #321.

Claim II of the Petitioner's 2255 is titled, "Trial Counsel is ineffective for failing to investigate, brief and make pretrial objection to the January 29,2007 recording violating the Petitioner's Sixth Amendment Right to Counsel". See Doc. # 321. On January 7, 2015, the Petitioner filed a motion to amend his § 2255 motion to incorporate the following argument:

-4-

A proper pretrail objection would have created an opportunity to plead guilty to 360 months(which was the unspoken mandatory minimum for an § 841(b)(1)(A) conviction in 2007). See Doc. # 329.

On January 9, 2018, magistrate Judge Joe L. Webster issued his Order and recommendation to Petitioner's motion to amend his § 2255. See Doc. # 329. The Court denied Petitioner's motion to amend by stating the following:

" First to the extent Petitioner's challanges the lenght of his sentence. His ground for relief is moot. Second if Petitioner had plead guilty his likely guideline range, even setting aside, the 851 emhancement would still have been 360 months to life. Petitioner is serving a 360 months sentence, and so any error here was at most harmless or non-prejudicial."See Doc. #364 Pgs. 15-16.

The issue raise in Petitioner's motion to amend is an essential individualized circumstance that this court should focus on when considering a sentence reduction that would likely be imposed today. The argument in Petitioner's motion to amend is no longer harmless. The now official mandatory minimum penalties under **21 U.S.C. § 841(b)(1)(A)** for a defendant having two or more prior offenses is 25 years. The Petitioner has no qualifying offenses for any enhancement purposes. It is very likely that a pretrial negotiation based on an objection to the January 29, 2007 recording would result in a sentence for the mandatory minimum of 25 years if a sentence was imposed today or if Petitioner's motion to amend was considered today.

### III. THE ILLEGAL FRUIT OF THE SIXTH AMENDMENT VIOLATION THAT AFFECTED PETITIONER'S CURRENT SENTENCE.

In 2010 the Acting Solicitor General conceded that the ICE agents January 29, 2007 recording violated the Petitioner's Sixth Amendment Right to counsel. The Petitioner's conviction was remanded back to the Fourth Circuit Court of Appeals in light of the position asserted by the Acting Solicitor General.

The Sixth Amendment issue was not remanded back to District Court for an evidentry heaaring.

At the December 7, 2007, sentencing hearing the Petitioner made a pro se objection to the jury found drug weight of more than 400 kilograms of cocaine. The sentencing Court declined to address Petitioner's objection because of the mandatory life sentence. See **Exhibit B.**

The mandatory life sentence is no longer an issue. An objection to the jury found weight is an essential <u>individualized circumstance</u> this Court should consider when determining a sentence reduction that would be imosed today. The Petitioner's jury found weight is a direct result of government witness trial testimony, that is illegal fruit of the Sixth Amendment violation.

The investigating ICE agents and the Prosecuting Attorney was **exposed** to the January 29, 2007, recording **before** they debriefed several of their trial witnesses. Any government witnesses that was **not** debriefed before January 29, 2007, trial testimony is the illegal fruit of the Sixth Amendment violation.

The exclusionary rule applies not only to illegally obtained evidence itself, "but also to other incriminating evidence derived from the primary evidence," commonly referred to as, "The Fruit of the Poisonous Tree." <u>NARDONE V. UNITED STATES,</u> 308 U.S. 338, 341, 84 L. Ed. 307, 60 S. Ct. 266(1930); <u>NIX V. WILLIAMS,</u> 407 U.S. 431, 441, 81 L. Ed. 377, 104 S. Ct. 2501(1984). Where a Sixth Amendment violation occurs, the issue becomes, "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at the exploition of that illegality by means of sufficiently distinguishable to be purged of the primary taint. <u>WONG SUN V. UNITED STATES,</u> 371, 488, 9 L. Ed. 441, 83, S. Ct. 407 (1963).

-6-

Taint includes "investigatory leads" provided by such testimony, and "use of evidence obtained by focusing investigation on a witness as a result of the compelled disclosures." HARRIS, 973 F. 2d at 336-37(quoting KASTIGAR V. UNITED STATES, 406, u.s. 441 AT 460, 36 1. Ed. 2d 212, 92 S. Ct. (1653)). Taint also exists if the evidence has been made available to refresh witnesses' testimony, to focus their thoughts, to organize their testimony, or to alter their prior or contemporaneous statements, and the substantive content of the witnesses' testimony cannot have been "shaped, altered, or affected" by the illegal evidence in any way. The prohibited use does not mean, "a whole lot of use" or "excessive use" or "primary use" or "any use", direct or indirect" is prohibited. See: UNITED STATES V. HOLLAND, 59 S. Supp. 2d.

This illegal fruit has never been addressed by the Court or the government in any of Petitioner's previous litigations. The sentencing Court will determine an offense level by using the jury found drug weight, this Honorable Court must consider this individualized circumstances while considering a lower sentence that would be imposed today.

### IV. THE DISPARITY IN PETITIONER'S CURRENT FACTS CONVICTION, AND THE INDIVIDUALIZED CIRCUMSTANCES THAT SHOULD BE CONSIDERED.

The Sixth Amendment violation in Petitioner's case was very instrumental to the government in obtaining the Petitioner's conviction, the significance of the following facts are individualized circumstances that should be considered.

1). The investigating agents and prosecuting attorney was exposed to attorney client privileged information, when they reviewed the January 29, 2007 recording.

-7-

2). The Petitioner's attorney client relationship with retained counsel Noel Tinn, suffered irreconcillable harm as a result of the Sixth Amendment violation, which became the reason why counsel withdrew before trial.

3). The Petitioner's own words in the January 29, 2007, recording was the linch pin to the government's case it supported all government's witness testimony, and was found the focal point of the government's closing arguments.

4). The BOP has designated a greater security status of seven(7) to Petitioner's custody level because of the jury found drug weight that is a result that stems out of the Sixth Amendment violation. That custody severity level has prejudiced Petitioner's post release goals and the opportunity to qualify for the Cares Act of 2018.

5). A prosecutor has a responsibility to strive for fairness and justice in the criminal justice system. **U.S. V. OKENFASS**, 632, F. 2d 483, 486(5th Cir. 1980). This "sworn duty" requires the prosecutor "to assure that the defendant has a fair and impartial trial," and the prosecutor's "intrest in a particular case is not necessarily to win, but to do justice." **U.S. V. CHAPMAN**, 524, F.3d 1073, 1088(9th Cir. 2008).

The United States attorney is the representative not of an ordinary part of the controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose intrest, therefore, in a criminal prosecution is not that it shall win a case, but that justice be done. He may prosecute with ernestness and vigor indeed, he should do so. But while he may strike hard blows, he is not at liberty to strike foul ones. These words were expressed by Justice Sutherland in **BERGER V. UNITED STATES**, and repeated several times.

The Unites States attorney in Petitioner's case did not ensure that Petitioner's Sixth Amendment right was protected through out the conviction process. In the history of law litigation when a violation of this magnitude is committed, the plea process is the central tool for the adverse parties.

A sentence reduction for the newly amended 841(b)(1)(A) minimum of 25 years will be consistent with previous law litigations involving violations of the Sixth Amendment right to counsel. A sentence for more than 25 years, while considering the Petitioer's <u>individualized circumstances</u> will create a sentence disparity.

### IV-A. THE DISPARITY IN PETITIONER'S CURRENT SENTENCE AND THE SENTENCE THAT WOULD BE IMPOSED TODAY.

The Petitioner is currecntly serving 360 months, (the unspoken mandatory minimum for an § 841(b)(1)(A) conviction when a defendant has two or more qualifying § 851 prior convictions in 2007. The newly amended § 841(b)(1)(A) (Official) mandatory minimum for that same conviction when a defendant has two or more qualifying § 851 prior convictions , in **The First Step Act of 2018** is 300 months. The 60 month difference in the sentence is a gross disparity and consitutes an **extraordinary and compelling reason** to reduce Petitioner's current sentence. There is a .17 percent downward departure from the two mandatory minimum sentences. The fact that the difference in the two mandatory minimums is five(5) years, and not a larger difference cited in **McCOY**, should not be dispositive. The Court in <u>UNITED STATES V. SHAW</u> NO. 5:15-CR-00025, 2021 U.S. Dist. LEXIS 131461, 2021 WL 3007 266(W.D. VA July 15, 2021), found that a sentencing disparity of 22 months was an "Extraordinary and compelling reason" to grant a sentence reduction. Other Courts have found similar differences in sentences to qualify as "Extraordinary and Compelling Reasons" to reduce a sentence. <u>See</u> <u>UNITED STATES V. WILLIAMS</u>, No. 14-CR-428 2021 U.S. Dist. LEXIS 235, 426 2021 WL 582 7727(E.D. VA Dec. 8. 2021) (Finding sentences more than three(3) years longer than it would have been were defendant convicted today to be an **extraordianry and compelling reason** for Compassionate Release).

## IV-B. THE INDIVIDUALIZED CIRCUMSTANCES THAT SHOULD BE CONSIDERED.

Through out this petition the Petitioner has referenced several essential facts, the Sixth Amendment violation, and its illegal effects on the conviction that should be considered during the sentence reduction process. The Petitioner is mindful of the Fourth Circuit Court of Appeals opinion in UNITED STATES V. FERGUSON, 55 S. 4th 202(4th Cir. 2022), and is not attacking the conviction or sentence in any way. The Petitioner's citations of his individualized circumstances should not be confused for an attack on the conviction or a second bite at the apple to overturn the conviction.

## V. THE PETITIONER'S POST PRISON CONDUCT AND RELEASE PLAN.

On July 20, 2023, the Petitioner received an incident report for being in possession of an altered bed mattress. The sanction for a 329 prohibited act was 30 days loss of visiting privilige. The facts of the incident are as follows:

In April of 2023 the Petitioner was transfered to Butner Medical Center. The Petitioner was given the option to pick his bed matress from the options provided by Unit Team. The altered matress that Petitioner possed, was received from Unit Team.

On October 5, 2020, the Petitioner filed a motion to reduce his sentence. See Doc. # 383 & 384. Petitioner submitted a post prison release plan with that motion. The Petitioner's current release plan is consistent to the previous release plan submitted in Doc. # 383 & 384.

During his incarceration Petitioner has put forth his effort to successfully change his mind set by becoming a mentor for the younger generation.

-10-

Case 1:06-cr-00474-LCB    Document 412    Filed 03/11/24    Page 10 of 13

He is currently participating in suicide prevention and gets good work report and attendance, additionally he takes educational, vocational, and psychology classes that the BOP here has to offer, with the sole purpose of gaining much needed tools to prepare him for his reentry back into society. He just recently completed the following programs; Real Estate, S-Serve Safe Food Handler Cert., Money Smart. See Exhibit C (Educational Transcript).

## VI. AN AMENDMENT TO PETITIONER'S PRE SENTENCE REPORT(PSR).

The Petitioner is respectfully petitioning this Honorable Court to amend Petitioner's pre sentence report(PSR) or Judgement of Conviction(JC) to require the Petitioner to participate in the Residential Drug Program(RDAP). The Petitioner's previous sentence did not include the RDAP program because of the mandatory life sentence.

### LIST OF INDIVIDUALIZED CIRCUMSTANCES THAT WHEN CONSIDERED COLLECTIVELY AMOUNT TO "EXTRAORDINARY AND COMPELLING REASONS" TO GRANT RELIEF.

I. The Petitioner's prior conviction can not be used to determine a mandatory sentence.

II. A pretrial objection to the Sixth Amendment violation would give Petitioner an opportunity to plead guilty to the now official mandatory minimum sentence for an **841(b)(1)(A),** of 25 years.

III. The Petitioner's current sentence continues to be illegally effected by the Sixth Amendment violation, that fact should be considered as Petitioner's individualized circumstances when considering a lower sentence.

IV. There is a gross disparity between the Petitioner's current sentence and the sentence that would be imposed today.

V. The Petitioner's post prison conduct and his rehabilitation. Rehabilitation alone does not constitute extraordinary and compelling reasons but when considered collectively with other reason it may amount to extraordinary and compelling reasons to grant relief.

## PRO SE CASE LAW

**B O A G V. M a c D O U G A L L, 454 U.S. 364, 70 L. Ed. 2d 551, 102 S. Ct. 700 (1982):** Pleadings filed by individuals representing themselves are held to less stringent standards than those prepared by attorneys.

**H A I N E S V. K E R N E R, 404, U.S. 519, 30 L. Ed. 2d 652, S. Ct. 594 (1972):** Pro se litigents should not be dismissed for failure to state a claim upon which relief could be granted if it appears that he may be able to offer proof of his claim.

## CONCLUSION

Petitioner humbly prays that this Honorable Court will review his case and consider granting this motion for **compassionate Release,** and reduce his sentence to time served or in the alternative reduce his sentence from 360 months to 300 months which is the sentence he would receive if he was to be sentenced today. In addition he would also like to ask the Court to amend his Pre-sentence report(PSR) to allow him to participate in the RDAP drug program. **IT IS SO PRAYED.**

RESPECFULLY SUBMITTED ON THIS _6th_ DAY OF _March_, 2024.

_____
RODNEY A. WILLIAMSON

-12-

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion for **Compassionate Release** was served to the U.S. District Attorney's at 101 S. Edgeworh St., Greensboro, NC 27401, with enough pre-paid postage for it's delivery through the U.S. Postal Service, **on** this 6th day of March, 2024.

*[signature]*

Rodney A. Williamson
Reg. No. 23534-057
Federal Medical Center
P.O. Box 1600
Butner, NC 27509