IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA



RODNEY A. WILLIAMSON,
    Petitioner,

V.                       CASE NO: 1:06-CR-474-1

UNITED STATES OF AMERICA,
    Respondant.
                                /

PETITIONER'S REPLY TO THE GOVERNMENT'S RESPONSE TO
PETITIONER'S MOTION TO REDUCE SENTENCE PERSUANT TO
18 U.S.C. § 3582(C)(1)(A).

Now comes Rodney A. Williamson, (hereinafter "Petitioner"), by and through **pro se** replying to the government's response to Petitioner's motion to reduce sentence persuant to 18 U.S.C. § 3582(C)(1)(A), (hereinafter "§ 3582") See Doc. # 415.

On March 11, 2024, Petitioner filed a motion for sentence reduction persuant to § 3582. **See Doc. # 412.** The government filed a response to Petitioner's § 3582 motion on April 10, 2024. **See Doc # 415.**

Claim II briefed on pgs. 4 & 5 in Petitioner's § 3582 motion(**Doc. # 412**), was not briefed or argued in Petitioner's previous § 3582 motion. The government did not acknowledge or respond to Claim II in their response. **See Doc. # 415.**

With the implementation of the United States Sentencing Guidelines Amendment 814, that cites Unusually Long Sentence, after full consideration of Petitioner's individualized circumstances, did Claim II become significant. **See Doc. # 412 Pgs. 4 & 5.**

-1-

Magistrate Judge Joe L. Webster's Order and Recomendation that "Petitioner's length of sentence argument is, "moot" would not be the same today". See Doc. # 412 Pgs. 4 & 5.

It is verey likely that a pre-trial objection and negotiations on the Sixth Amendment Violation and it's effects on Petitioner's case would result in a sentence to the low end of the guidelines range or no more than 300 months if Petitioner is to be sentenced today.

Several District Courts in the Fourth Circuit have concluded that defendants asserting post-sentence changes in law as a ground for Compassionate Release are not barred by ferguson. The Petitioner's citation of facts listed in his § 3582 motion (Doc. # 412 Pgs. 5-10) are listed for the purpose of this court being mindful of those facts while considering intervening changes in the law, along with sentencing disparities caused by such changes in exercising it's discretion when determining whether Extraordinary and Compelling circumstances exist. See UNITED STATES V. JACKSON, U.S. Dist. LEXIS 85474, 2023 WL 3480 900, at 2; UNITED STATES V. BRICE, U.S. Dist. LEXIS 27199, 2023 WL 2035959 at 2; and UNITED STATES V. HERNANDEZ, U.S. Dist LEXIS 231095, 2023 WL 17905070, at 3.

Petitioner is not challanging the validity of his conviction or sentence, He simply argues that the present changes in law that effected his carreer offender status(See Doc. # 397 Pg. 4), and sentencing landscape provide Extraordinary and Compelling reasons to review his sentence and determine whether a lower sentence fulfills the purpose of the sentencing statute. Ferguson is therefore inapposite and does not preclude the court's determination.

-2-

There is a 17% downward departure between the current sentence and the sentence to be imposed today. The new guideline sentence reduction is 2½% more than the good time credits that Petitioner is currently earning according to 18 U.S.C. § 3624(b). This downward departure is a gross disparity. See Doc. # 412 pgs. 9-10.

After Petitioner's 2021 § 3582 motion, several courts have determined that a sixty month or less sentencing difference in the old and new sentence to be imposed is a gross disparity. See: <u>UNITED STATES V. EDWARDS</u>, U.S. Dist. LEXIS 88603, 2022 WL 1557045, at 4; <u>UNITED STATES V. SALAM</u>, U.S. Dist LEXIS 4787 2022 WL 72480 and <u>UNITED STATES V. MARIANO</u>, U.S. Dist. LEXIS 177577 2023 WL 6465131 at 7.

The cases listed by the government where no gross disparity exist, are distinguishable from Petitioner's individualized circumstances. Aggravating factors for the middle to highend guideline range are not present in Petitioner's case. See Doc. # 415 Pg. 7.

## CONCLUSION

Petitioner is Humbly requesting this Honorable Court to consider all of his individualized circumstances when considering a sentence reduction that would take place at Plea negotiations, for a sentence that would be imposed today.

The First Step Act changes made in the Law and mandatory minimum sentences amount to "Congressional Declaration[s]" of what is now considered adequate punishment. IT IS SO PRAYED.

RESPECFULLY SUBMITTED ON THIS 8 DAY OF May, 2024.

_____
Rodney A. Williamson

-3-

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Reply to the Government's response has been served to the U.S. Attorney's Office at: <u>101 S. Edgeworth St., Greensboro, NC 27401</u>, with enough pre-paid postage for its delivery through the U.S. Postal Service On this __8__ day of ___May___, 2024.

_____
Rodney A. Willamson
Reg. No. 23534-057
Federal Medical Center
P.O. Box 1600
Butner, NC 27509