# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:06-CR-474-1 |
| | ) | |
| RODNEY ANTON WILLIAMSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Motion to Reduce Sentence re Compassionate Release pursuant to 18 U.S.C. § 3582 (c)(1)(A). (ECF No. 412.) The Government has filed a Response opposing the motion, (ECF No. 415), and Defendant replied. (ECF No. 416). The Court, having considered the arguments of the parties as set forth below, finds Defendant has failed to show an extraordinary and compelling reason for a sentence reduction and that the factors under 18 U.S.C. § 3553(a) counsel against a reduction. Accordingly, Defendant's Motion to Reduce Sentence re Compassionate Release, (ECF No. 412), will be denied.

## I. BACKGROUND

Defendant was indicted related to his role in a drug trafficking operation bringing drugs into the United States from the Virgin Islands. (ECF No. 362, ¶ 6.) After a jury trial, Defendant was found guilty of conspiracy to distribute cocaine hydrocholoride in violation of 21 U.S.C. § 846, and the jury determined he was responsible for an amount in excess of 400

kilograms. (ECF No. 123 at 1.) He was determined to be a career offender and sentenced to life imprisonment. (ECF No. 191 at 2.) In 2017, the sentence was reduced by presidential clemency to 360 months' imprisonment. (Docket Entry on 1/30/2017.) Defendant is 51 years old and has been in Bureau of Prison ("BOP") custody since June 4, 2007. (ECF No. 362 at 1.) His current projected release date is December 27, 2031.[1]

Defendant has filed four previous motions to support his efforts to receive a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), each thoroughly considered and denied by the Court. On October 5, 2020, Defendant filed a motion for compassionate release and memorandum in support. (ECF Nos. 384, 385.) The motion was denied by the Court on January 29, 2021. (ECF No. 394.) Defendant next filed a motion for reconsideration, (ECF No. 395), which was denied by the Court in an Order entered on March 8, 2021. (ECF No. 397.) Defendant subsequently filed a motion to reconsider because of intervening circumstances, (ECF No. 399), which was denied by the Court in an Order entered on May 24, 2021. (ECF No. 402.) Defendant finally filed a motion to reconsider pursuant to Rule 59(e), (ECF No. 403), which was denied by the Court on July 22, 2021. (ECF No. 405.) Defendant appealed the decisions denying his motion for compassionate release and his various motions for reconsideration. (ECF No. 406.) The Fourth Circuit Court of Appeals affirmed this Court's rulings. *United States v. Williamson*, No. 21-7151, 2022 WL 227511, at *2 (4th Cir. Jan. 25, 2022.) On March 11, 2024, Defendant filed the instant motion for compassionate release. (ECF No. 412.)

---

[1] Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Jul. 17, 2025) (enter "23534-057" in BOP Register Number field).

## II. ARGUMENTS OF THE PARTIES

Defendant argues that a reduction in sentence should be granted because his sentence is unusually long and: 1) the definition of serious drug offense changed under the First Step Act of 2018; 2) the mandatory minimum sentences for convictions under 21 U.S.C. § 841(b)(1)(A) were amended by the First Step Act; 3) his current sentence was affected by "illegal fruit of the Sixth Amendment violation;" 4) "[t]he disparity in [Defendant's] current facts, conviction and the individualized circumstances that should be considered," including the disparity between his sentence and the one that would be imposed today; and, 5) his "post prison conduct and release plan." (ECF No. 412 at 3.) Defendant also asks the Court to amend his presentence report or judgment to require him "to participate in the Residential Drug Program (RDAP)." (*Id.* at 11.) He is seeking a reduction in sentence to time served or 300 months. (*Id.* at 12.)

The Government opposes the motion. (ECF No. 415.) The Government asserts the Court has previously considered and denied each of Defendant's arguments that a reduction should be granted because of changes in the law. (*Id.* at 2.) The Government argues Defendant has not presented anything to impact the Court's prior findings that Defendant has failed to show an extraordinary and compelling reason for a reduction. (*Id.*) The Government also contends that "most of the 'individualized circumstances' Williamson offers in support are recycled allegations of legal error, long-rejected as meritless, that do not constitute extraordinary and compelling reasons" for a reduction. (*Id.*)

In his Reply, Defendant does not dispute that most of his claims were previously considered and rejected by the Court as a basis for a reduction in sentence. However,

Defendant asserts that "Claim II briefed on pgs. 4 & 5 . . . was not briefed or argued in Petitioner's previous § 3582 motion. The government did not acknowledge or respond to Claim II in their response." (ECF No. 416 at 1.)

## III. DISCUSSION

A sentence imposed under the law is intended to be final. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provides a basis for relief. *Id.*; *see also* 18 U.S.C. § 3582(b).

To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1) an extraordinary and compelling reason exists to support a reduction; (2) a consideration of the relevant 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024)*; United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). While a court has broad discretion to consider what constitutes an extraordinary and compelling reason under § 3582(c)(1)(A), a court is not wholly unrestricted. *See Davis*, 99 F.4th at 657. Section 3582 is not an opportunity for resentencing, but an opportunity to modify a sentence in circumstances as guided by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 825 (2010).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). The record indicates Defendant filed an administrative request for compassionate release that was denied, (ECF No. 415 at 4, n.1), and the Government does not contest exhaustion. (ECF No. 39 at 7; ECF No. 51 at 3.) Therefore,

4

the Court will proceed to the merits of Defendant's motion. *See United States v. Muhammad*, 16 F.4th 126, 130-31 (4th Cir. 2021.)

### A. Extraordinary and Compelling Reasons

In Ground I, Defendant argues that because of changes to the definition of "serious drug felony" under the First Step Act he would no longer be subject to the sentencing enhancements found in 21 U.S.C. § 841 that applied at the time of his sentencing. (ECF No. 412 at 3-4.) In Ground II, Defendant argues that there has been an intervening change in the law that lowers the mandatory minimum sentences applicable to 21 U.S.C. § 841. (*Id.* at 4-5.) He argues that because of these changes there is a gross disparity between his sentence and the sentence that would likely be imposed today. (*Id.* at 5.)

At the time of his sentencing, Defendant was determined to be a career offender and qualified for enhanced statutory penalties under 21 U.S.C. § 841(b)(1)(A) because he had two prior serious felony convictions. (ECF No. 362, ¶¶ 2, 36, 72.) His guideline range based on his offense level and criminal history was 360 months to life imprisonment, but he was required to be sentenced to the minimum statutory sentence of life imprisonment. (*Id.*, ¶ 73.) As the Court has previously recognized, if sentenced today Defendant would no longer qualify as a career offender and his state offenses would no longer qualify as serious felonies under § 841. (ECF No. 397 at 3.) As a result, his statutory minimum sentence would be 10 years imprisonment. *See* 21 U.S.C. § 841(b)(1)(A); (ECF No. 396 at 1.).

The Sentencing Commission policy guidelines specify that a change in the law may be an extraordinary and compelling reason to modify a sentence when:

> (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least 10 years; and (c) an intervening change in law has produced a

5

> gross disparity between the sentence imposed and the sentence likely to be imposed under the change in the law.

U.S.S.G. § 1B1.13(b)(6). The Fourth Circuit has recognized a non-retroactive change in the law may be an extraordinary and compelling reason to support a modification of sentence. *Davis*, 99 F. 4th at 657-58; *United States v. McCoy*, 981 F.3d 271, 285-86 (4th Cir. 2020).

The Government contends the Court has previously considered all of Defendant's arguments that a reduction of sentence should be granted because of change in the law. (ECF No. 415 at 2.) In his Reply, Defendant asserts that he has not previously presented the arguments set forth in Ground II of his motion for compassionate release. (ECF No. 416 at 1.)

In Ground II of his motion for compassionate release, Defendant argues that the mandatory minimum sentence for § 841(b)(1)(A) has been amended and would now be a mandatory minimum sentence of 25 years of imprisonment if the sentence was imposed today.[2] (ECF No. 412 at 5.) In his previous motion for compassionate release, Defendant argued in part that "[t]he reduced mandatory sentence in 21 U.S.C. § 841(b)(1)(A) and other factors combined constituted extraordinary and compelling reasons for a sentence reduction. (ECF No. 384 at 2.) Further, in the supplement in support of the previous motion he made the same arguments he makes now, that changes to 21 U.S.C. § 841(b)(1)(A) would lower his minimum penalty exposure to 25 years of imprisonment. (ECF No. 385 at 2.) He also asserted that the change in the mandatory minimum along with his individual circumstances and rehabilitation constituted an extraordinary and compelling circumstance that warranted a

---

[2] As discussed, Defendant's statutory minimum would, in fact, be 10 years' imprisonment under the current version of 21 U.S.C. § 841(b)(1)(A).

sentence reduction. (*Id.*) Therefore, as the Government contends, Defendant has previously moved for a reduction in sentence based on the changes to the mandatory minimum sentences under § 841 and the fact that he would no longer face an enhanced sentence under that statute.

However, within Ground II in the current motion, Defendant includes some new reasoning in support of his argument. Defendant refers to a claim of ineffective assistance of counsel he raised in his 28 U.S.C. § 2255 Motion in which he argued he received ineffective assistance of counsel because his attorney failed to object to the admission of the recording of his conversation with a confidential informant. (ECF No. 412 at 4.) Defendant contends the Court should consider that claim of ineffective assistance of counsel as an "individualized circumstance" when considering his request for a reduction. (*Id.* at 5.) He argues that the Court's determination in ruling on his habeas petition that any error from the admission of the evidence was harmless cannot be sustained given the changes to the mandatory minimums under § 841. He argues "[i]t is very likely that a pretrial negotiation based on an objection to the January 29, 2007, recording would result in a sentence for the mandatory minim of 25 years if a sentence was imposed today or if [Defendant's] motion to amend was considered today." (*Id.*) With this argument, Defendant is essentially asking the Court to reconsider its ruling on his habeas claim, find any error was not harmless, and rely on this finding to support his request for a reduction of sentence. This argument, which rests on an alleged error by counsel at the time of trial and asks the court to reconsider the arguments in his habeas claim, attack the validity of his conviction and sentence and are not properly before the Court in his § 3582(c)(1)(A) motion. *See United States v. Ferguson*, 55 F.4th 262, 269-72 (4th Cir. 2022); *Davis*, 99 F.4th at 656-57.

However, the Court will consider Grounds I and II insofar as Defendant asserts that changes to the mandatory minimum sentences under § 841 and changes to the definition of serious felonies that apply to § 841 have produced a gross disparity between his sentence and the sentence likely to be imposed today. As noted above, the Court has previously considered these arguments. In its Order entered on January 29, 2021, the Court acknowledged the changes to 21 U.S.C. § 841. (ECF No. 394 at 6.) It noted that the mandatory minimum sentences had been revised so that a defendant with two prior convictions would face a mandatory minimum sentence of 25 years of imprisonment, a defendant with one prior conviction a minimum sentence of fifteen years of imprisonment, and a defendant with no prior convictions a minimum sentence of ten years of imprisonment. (*Id.*) The Court recognized that without the prior "serious drug felonies" Defendant would face a statutory minimum of "ten years instead of the life sentence necessarily imposed in 2007." (*Id.* at 8.) In its Order entered on March 8, 2021, the Court again recognized Defendant would no longer qualify for the enhancement for two prior serious drug felonies and also recognized he would no longer be considered a career offender. (ECF No. 397 at 3.) Nonetheless, the Court noted that even with the changes the Defendant's guideline range remained substantial. Without his career offender designation and the sentencing enhancements, Defendant's "guideline range becomes 292 to 365 months' imprisonment. His five criminal history points lead to a Criminal History Category III, and his Total Offense Level becomes 38 as a result of the drug amount the jury attributed to him and his offense role." (*Id.* at 4.) The Court determined that Defendant failed to show an extraordinary and compelling reason for a reduction noting his

8

sentence of 360 months was within the guideline range as revised without the enhancements and career offender status. (*Id.*) The Court concluded:

> Although it is now determined that Williamson would no longer qualify as a career offender were he sentenced today, neither that change, nor as explained in the previous Memorandum Opinion and Order, "the change in 21 U.S.C. § 841(b)(1)(A), nor Williamson's non-violent background, efforts towards rehabilitation, low recidivism risk, family circumstances, and community support, nor Covid-19", (Me. Op. & Order at 17), even when considered together, are extraordinary and compelling reasons to release Williamson.

(*Id.* at 9.) The Fourth Circuit Court of Appeals affirmed this ruling. *Williamson*, No. 21-7151, at *2.

The Court again concludes that Defendant has failed to show an extraordinary and compelling reason to grant a reduction based on changes to the law that impact the applicable sentencing enhancements and the mandatory minimum sentences under 21 U.S.C. § 841(b)(1)(A). Defendant is correct that he would face a far shorter statutory minimum sentence under § 841 if sentenced today. However, Defendant would still face a sentencing guideline range of 292 to 365 months' imprisonment. (ECF No. 396 at 2.) As the Court previously discussed in detail, Defendant's criminal history and the serious nature of his sophisticated drug operation smuggling cocaine hydrocholoride into the Unted States do not support a reduction of his 360-month sentence which falls within the guideline range. (ECF No. 397 at 5-8.) Defendant has failed to show a gross disparity between the sentence imposed and the sentence he would likely receive today, and he has failed to establish an extraordinary and compelling reason for a reduction in sentence on Grounds I or II of his motion.

In Ground III, Defendant contends he should be granted a reduction in sentence because "[t]he illegal fruit of the Sixth Amendment violation" affected his current sentence.

9

(ECF No. 412 at 5.) This claim is based on a recording of a conversation between Defendant and a confidential informant that was admitted into evidence at trial in violation of his Sixth Amendment rights.[3] Defendant's arguments in Ground III were previously raised by Defendant, (ECF No. 399 at 4), and rejected by the Court in its May 24, 2021, Order. (ECF No. 402 at 5-6.) The Court found that Defendant failed to establish an extraordinary and compelling reason for a reduction on this basis noting in part that it did not appear the admission of the evidence "affected Williamson's offense level at sentencing." (*Id.* at 6.) This ruling was affirmed on appeal. *Williamson*, No. 21-7151, at *2.

Defendant fails to present any new arguments or evidence that compels the Court to reach a different decision. The Court again concludes Defendant is unable to establish an extraordinary and compelling reason for a reduction of sentence based on the admission of the recording. The issue of the Sixth Amendment violation from the recording has been considered by this Court and on appeal. The Fourth Circuit concluded admission of the recording did not affect Defendant's substantial rights at trial or the fairness of the proceeding. *See United States v. Williamson*, 706 F.3d 405, 412-13 (4th Cir. 2013). Consequently, Defendant

---

[3] On direct appeal Defendant argued that a recording of his conversation with a confidential informant was admitted into evidence at trial in violation of his Sixth Amendment rights. The Government initially disagreed, but later conceded the recording was improperly admitted because the right to counsel had attached prior to the time the recording was made. The Government argued, however, that Defendant could not show prejudice or that its admission affected the outcome of trial. The issue was the subject of various proceedings, but the Fourth Circuit ultimately held that given other extensive evidence of Defendant's guilt his substantial rights were not impacted, and moreover, the "error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings." *United States v. Williamson*, 706 F.3d 405, 412-13 (4th Cir. 2013).

10

has failed to show his arguments in Ground III establish an extraordinary and compelling reason to support a sentence reduction.[4]

In Ground IV, Defendant simply repackages arguments made in other claims. He expands on his assertion raised in Ground III that he was prejudiced by information obtained in violation of his Sixth Amendment rights. Defendant lists the harm he allegedly suffered from the violation and contends it caused a sentencing disparity. (ECF No. 412 at 7-8.) This argument was previously asserted in his motion to reconsider because of intervening circumstances.[5] (ECF No. 399 at 4.) As discussed above in Ground III, this Court concluded that the improper admission of the recording did not appear to affect Williamson's offense level at sentencing and concludes he has failed to establish an extraordinary and compelling reason for a reduction on this basis.

In what Defendant designates as Ground IV-A, he asserts there is disparity between his sentence and the sentence that would be imposed today, again referring to the changes to mandatory minimum sentences under § 841(b)(1)(A). (ECF No. 412 at 9.) As discussed above, the Court acknowledges the changes in the law that would impact Defendant's statutory minimum sentence but nonetheless finds Defendant has failed to demonstrate a gross disparity between the sentence imposed and the sentence likely to be imposed today that would support a reduction in sentence.

---

[4] Insofar as Defendant may be asking the Court to revisit those earlier rulings and reconsider whether he was prejudiced by admission of the recordings the matter is not properly before the Court in a motion for compassionate release. *See United States v. Ferguson*, 55 F.4th 262, 269-72 (4th Cir. 2022)

[5] Defendant asserts that with these arguments he is not attacking his conviction of circumstances but asking the Court to consider his "individualized circumstances." (ECF No. 412 at 10.)

11

In what Defendant labels as Ground IV-B, he asserts that his "individualized circumstances" should be considered. (*Id.* at 5.) He then refers to facts such as the Sixth Amendment and what he describes as "its illegal effects on the conviction" and asks the Court to consider that in weighing his request for a sentence reduction. (*Id.*) For the reasons discussed above pursuant to Ground III, Defendant is unable to establish an extraordinary and compelling reason for a reduction on this basis.

In Ground V, Defendant asks the Court to consider his post prison conduct and his release plan as reasons to grant a reduction in sentence. (ECF No. 412 at 11.) Defendant notes that he has taken education, vocational, and psychology classes. (*Id.* at 11; ECF No. 412-3 at 2-6.) He states that he is doing all this "with the sole purpose of gaining much needed tools to prepare him for his reentry back into society." (ECF No. 412 at 10-11.) A letter submitted in support indicates he has lined up a job as an HVAC technician for when he is released. (ECF No. 412-3 at 8.) Defendant addresses a disciplinary infraction he received for an altered bed mattress in 2023 and explains he did not alter the mattress but received it in that condition. (ECF No. 412 at 10.) Defendant otherwise states that he "has put forth his effort to successfully change his mind set by becoming a mentor for the younger generation." (*Id.*).

Rehabilitation "is not, by itself, and extraordinary and compelling reason" for release, but the Court may consider rehabilitation "in combination with other circumstances in determining whether and to what extent" a sentence reduction is warranted. U.S.S.G. § 1B1.13(d). In considering Defendant's prior motion for compassionate release as well as his various motions to reconsider, the Court specifically recognized post-conviction evidence

including Defendant's efforts towards rehabilitation. (*See* ECF No. 402 at 7-8; ECF No. 405 at 11.) The Court acknowledged Defendant had completed over 426 hours of BOP course, had only one disciplinary infraction which was from years earlier in 2009, worked at a job which considered a "security-based job" and had requested access to a non-residential drug program. (ECF No. 402 at 7.) However, the Court concluded the efforts were "not themselves extraordinary and compelling." (*Id.* at 8.)

The current record before the Court includes some additional information. It shows that Defendant has continued to participate in BOP courses, has maintained a good work record, and lined up a job doing HVAC work upon his release. (ECF No. 412-3 at 3, 8.) As Defendant acknowledges, his BOP disciplinary record now includes a 2023 infraction for destroying property, $100 or less. (*Id.* at 3.)

The Court concludes that this evidence, whether considered alone or along with Defendant's other arguments, is not sufficient to warrant a reduction of sentence. While the Court acknowledges Defendant's positive efforts and credits him for planning for release, good behavior and steps towards rehabilitation are expected of an inmate. *See United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) ("Prisoners are *supposed* to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves. That a prisoner does so means that he has met baseline expectations, not that he has done something extraordinary.") Defendant's rehabilitative efforts do not rise to the level of an extraordinary and compelling reason for relief.

13

Finally, Defendant asks the Court to amend his presentence report or judgment of conviction to require him "to participate in the Residential Drug Program (RDAP)."[6] (ECF No. 412 at 11.) He contends that his "previous sentence did not include the RDAP program because of the mandatory life sentence." (*Id.*) This request, which is not seeking a reduction to the term of imprisonment, is outside the scope of the motion filed under § 3582(c)(1)(A). Moreover, participation in RDAP is under the purview of the BOP, not the courts. *See Powell v. United States*, No. 4:16-C-2178, 2017 WL 2973955, at *3 (E.D.N.C. Jul 12, 2017); 18 U.S.C. § 3621(b). And, to any extent Defendant may be seeking a reduction relying on an argument he has not been given access to RDAP, he is unable to establish an extraordinary and compelling reason for a reduction of sentence. *See e.g. United States v. Wright*, Crim. No. ELH-08-0381, 2025 WL 1677005, at *16 (D. Md Jun. 13, 2025) (collecting cases holding that ineligibility for First Step Act credits or RDAP does not qualify as an extraordinary and compelling circumstance for compassionate release).

### B. 18 U.S.C. § 3553(a) Factors

Defendant has failed to show an extraordinary and compelling reason warranting a sentence reduction, and therefore the Court is not required to further consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction. However, the Court finds that even if an extraordinary and compelling reason existed, an analysis of the § 3553(a) factors would not support granting relief. Under § 3553(a) the goal is for a sentence "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. §

---

[6] The RDAP program is a drug treatment program with a residential component that allows some inmates an avenue to reduce their sentences by up to one year. *See* 18 U.S.C. § 3621(e)

14

Case 1:06-cr-00474-LCB    Document 418    Filed 07/28/25    Page 14 of 16

3553(a). The Court weighs a number of factors to include: the nature of the offense; the defendant's personal history; the sentence relative to the nature and seriousness of his offense; the need for a sentence imposed to demonstrate just punishment for the crime; the need to protect the public and deter crime; the need to provide a defendant with effective rehabilitative circumstances; and the need to avoid sentencing disparity. *See id.* A court may consider post-sentencing facts in the record such as behavior while incarcerated and rehabilitation efforts. *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); U.S.S.G. § 1B1.13(d).

As noted above, Defendant presents evidence of his positive post-conviction efforts including participation in numerous BOP courses, a good work record, and a post release plan. The record also shows Defendant has received only two relatively minor disciplinary infractions during his lengthy time in prison. (ECF No. 415-2 at 1.) He has submitted evidence indicating he will have a job as an HVAC technician upon his release. (ECF No. 415-3 at 8.) The Court acknowledges these good efforts, as well as the fact that Defendant is now over 50 years old, an age at which the risk of recidivism significantly declines. *See United States v. Howard*, 773 F.3d 519, 533 (4th Cir. 2014). However, a consideration of the § 3553(a) factors overall do not support granting a reduction.

Defendant's criminal history and the seriousness of his actions underlying the instant convictions weigh heavily against a reduction. Defendant was in his thirties at the time he helped supervise the sophisticated international drug ring responsible for smuggling hundreds of kilograms of cocaine hydrocholoride into the United States. As the Court previously recognized Defendant directed "the actions of co-conspirators and confidential informants" and the jury found him guilty of "distributing more than 400 kilograms of cocaine." (ECF No

15

397 at 5.) The operation not only brought substantial quantities of cocaine into the country, but did so in part by recruiting Transportation Security Administration agents at airports in North Carolina and New York to help move drugs and cash. (ECF No. 362, ¶ 9.)

Defendant's crimes occurred despite prior convictions involving the possession of cocaine. (ECF No. 362, ¶¶ 40-41, 44.) A period of imprisonment in 2000-2001 did not deter Defendant's criminal behavior. He not only returned to the same criminal behavior, but on a larger scale. Defendant says he recognizes his mistakes and has reformed, but he fails to present the type of evidence of overwhelming change to shift the § 3553(a) factors in his favor.

Accordingly, the § 3553(a) factors weigh against granting a reduction in sentence. The Court concludes Defendant's current sentence is "sufficient, but not greater than necessary." A reduced sentence would not promote respect for the law, afford adequate deterrence, or protect the public. *See* 18 U.S.C. § 3553(a)(2).

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence re Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), (ECF No. 412), is **DENIED**.

This, the 28th day of July 2025.

/s/ Loretta C. Biggs
Senior United States District Judge